## GILDEA v. CURTIN et al.

(Circuit Court of Appeals, Fourth Circuit. January 13, 1925.)

No. 2300.

Principal and agent ⬳78(6)—Evidence held sufficient to sustain finding that fire insurance business secured by defendant was included within agency contract.

In action by insurance brokers for accounting for profits earned by defendant as agent, evidence *held* sufficient to sustain finding that fire insurance business secured by defendant was included within agency contract.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Suit by William W. Curtin and others, copartners trading as Johnson & Higgins, against John H. Gildea, Jr. Decree for plaintiffs (2 F.[2d] 865), and defendant appeals. Affirmed.

R. E. Lee Marshall, of Baltimore, Md. (Brown, Marshall, Brune & Parker, of Baltimore, Md., on the brief), for appellant.

W. Calvin Chesnut, of Baltimore, Md. (Haman, Cook, Chesnut & Markell, of Baltimore, Md., on the brief), for appellees.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. The bill of complaint in this case was filed on behalf of the appellees, as plaintiffs, against the appellant, as defendant. The bill alleged, among other things, that the appellees were partners in the firm of Johnson & Higgins, and as such were engaged in the general business of insurance brokerage, having their principal office in New York City; that the partnership had, from 1892 until March 30, 1923, employed the appellant as their Baltimore agent under a contract of employment by which the appellant was to act as local agent in respect to their business generally, including fire insurance, and as such agent was to receive a salary and a proportion of the net earnings of the office; that during the period from January 1, 1906, to March 30, 1923, inclusive, the appellant had earned large profits from fire insurance business done by him, but had failed to report the same to the appellees, or to remit the proportions of net earnings thereon which they were entitled to receive under the contract, as above stated. The bill prayed for an accounting, and for the payment to the appellees of the amounts ascertained to be due to them as a result of such accounting.

The appellant denied that the contract of agency from January 1, 1906, to March 30, 1920, included the local fire insurance business; that is to say, business relating to fire insurance on property located in Baltimore and owned by residents in Baltimore. He admitted that he had carried on such business and made profits therefrom during the said period, but stated that he had conducted this business on his own account, and had assumed the proportion of the expenses of the office applicable thereto, and had retained all the profits therefrom. Appellant further admitted that the business was conducted under his original agency contract of June 5, 1892, until the receipt of the letter from the Association of Fire Underwriters of Baltimore City of February 16, 1906; that the business included fire as well as marine insurance, and that during that period he regularly made return to his principals of the proceeds arising from both; and that from and after January 1, 1906, he treated the fire insurance business as his own, and made no accounting of the profits arising therefrom, since he alone was interested therein—the plaintiffs, appellees herein, being thereafter forbidden to conduct that business in the city of Baltimore, of which appellees were given due notice.

The case was submitted on bill and answer, and turns largely upon questions of fact—that is, the ownership of the agency, and who was entitled to the profits thereof, and particularly that arising from the fire insurance; what interest, if any, appellees had therein; whether notice was given by appellant to appellees of any change in the business affecting the fire insurance as originally conducted; and whether an accounting should be required of appellant in connection therewith. Testimony was taken orally before the court, and upon full consideration thereof the court found as a fact that all of the business conducted by the appellant from and after January 1, 1906, to March 30, 1923, was covered by and included within the contract of agency. The court further found that the facts generally

supported the contention of appellees, and that notice was not given to appellees of the change in terms under which the business was being conducted, and accordingly decreed an accounting. The parties subsequently entered into a stipulation in lieu of an accounting, and the court thereafter entered a decree against the appellant in favor of the appellees for $113,499.46. From the decision thus rendered, this appeal was taken.

The assignments of error, with the exception of certain rulings on the admission of testimony, because alleged to be hearsay and irrelevant, relate almost entirely to the determination of the facts, and the weight to be given by this court to the findings of the trial judge, who saw and heard the witnesses testify. We have examined the record with much care, and feel that the action of the District Court is free from error, both in its rulings on questions of law, and its determination of the facts in issue. 2 F.(2d) 865. We do not wish to add anything to what is said, as the opinion covers the case in a comprehensive and clear manner, and we are in full accord therewith.

The decree of the District Court will be affirmed, with costs.

Affirmed.